*GUERNSEY COUNTY—OCTOBER TERM, 1818.*

PRESENT—TAPPAN, *Pres't.*: HENDERSON, FRAME & LEEPER, *Associates.*

## SARCHET vs. BELL.

Debt will lie on a note under seal for "one hundred and sixty-seven dollars in good and merchantable whiskey, at cash price."

DEBT.

This was an action of debt brought on a note of hand under seal, of the following tenor, viz. " On or before the first day of the third month 1818, I promise to pay, or cause to be paid, unto John Sarchett, his heirs or assigns, the just and full sum of one hundred and sixty seven dollars, in good and merchantable whiskey, at cash price, delivered in Cambridge, for value received. Witness my hand and seal, this 12th of 11th month, 1816. Robert Bell " and seal. "Attest, C. P. Beatty."

General demurrer to the declaration, and joinder.

HARPER. in support of the demurrer, contended, that an action of debt could not be sustained on the note set out and cited, 1st Bibb 356, 487, and 2d Bibb 584.—CULBERTSON, contra.

PRESIDENT.—Whenever a suit is brought on a special contract, the declaration ought to contain a notice to the defendant, that he is sued upon that contract ; and, if he has such notice, it would seem that the form in which compensation for a breach of it is claimed, cannot be a matter of much importance. There are many contracts upon which debt, covenant, or assumpsit, may be maintained and complete remedy had ; there are more in which the plaintiff has his election to bring debt or covenant : and, on the other hand, there are contracts, the remedy on which is confined, by usage, to one of those forms of action. It is contended, that this contract is one of the latter kind, and that covenant, not debt, is the proper form of action upon it ; that an action of covenant would lay on this contract, is not disputed; that debt cannot be maintained on it is not so clear. Blackstone, in his Commentaries, 3d vol. p. 153, says, " the legal acceptation of debt, is a sum of money due by certain and express agreement, where the quantity is fixed and specific, and does not depend on any subsequent valuation to settle it. The non-payment of these, is an injury, for which the proper remedy is, by action of debt, to compel the performance of the contract, and recover the special sum due." At the time this suit was commenced, the first day of March 1818, here was a

sum of money due, the sum of $167, by a certain and express agreement, in which the quantity is fixed and specific, and does not depend on any subsequent valuation to settle it. That the quantity of money recoverable on this contract, is fixed and specific, will appear from this, that if the action had been covenant, on default it would not require the intervention of a jury to assess the damages, for they are assessed and agreed upon by the contract itself, and could be no other than $167, with interest from the 1st March 1818. There is no uncertainty, for $167 was to be paid in whiskey " at cash price." In Comyn's Digest, the title Debt, 3d vol. 359, it is said that " debt lies upon every contract in deed, or in law," and " upon every express contract to pay a sum certain." If, by construction of law, this contract, at the time suit was brought upon it, was a contract to pay a sum certain, as it seems to me that it was, then this is the proper form of action. In Bacon's abridgement, title Debt, it is said to be an action founded on an express or implied contract, in which the certainty of the sum or duty appears, and " therefore the plaintiff is to recover the same in *numero*, and not to be repaired in damages by the jury, as in those actions sounding in damages." Here is an express contract to pay $167 by a certain day, in whiskey, and an implied contract that, if the whiskey is not paid by the day, the debt shall be paid in money; and if the amount of the debt is certain, so that it can be recovered in *numero*, it seems the proper form of action is the one selected the plaintiff. "Actions sounding in damages," are those actions where the parties have not stipulated and agreed the amount, and where the intervention of a jury is necessary to fix and settle it. Covenant *may* be brought where the sum is certain—it *must* be brought where it is uncertain. Core's case, Dyer 20 a. appears to suport this action—it was this: "one John Core brought an action of debt vs. the Administrators of one George Woddye, and counts upon this bill, " Be it known to all " men by these presents, that I George Woddye, of London, have received " of John Core the sum of twenty pounds sterling; of which twenty " pounds sterling I, the forenamed George, to bear the adventure of the " exchange to Roan, and there to bestow the said twenty pounds in " French prunes, for the behoof and use of said John, and to see them " safely shipped, as I do my own wares: this done the forenamed " John to bear all manner of adventures, and charge, from the quay " of Roan, in France, to his own house in the city of London. In witness whereof, &c." with a seal; and averred in the court

GUERNSEY.<br>October, 1818.<br><br>Sarchet<br>*v.*<br>Bell.

GUERNSEY.
October, 1818.

Sarchet
v.
Bell.

that Woddye had not bestowed the money in "prunes." On a motion in arrest of judgment, judgment was given for the plaintiff; on a writ of error brought, it was assigned for error, that the plaintiff had "declared on a bill made by the testator in his life time, by which bill it appeared evident, that, by the law of the land, a writ of account might have been brought and maintained, and not a writ of debt," &c."; and the judgment was affirmed, because where the bailee had failed to perform his covenant, the twenty pounds, which he had acknowledged to have received, became a debt due to Core. In the case before us, Bell acknowledges the receipt of $167, and promises, by a certain day, to pay it in whiskey: he fails to perform his covenant as to the whiskey; is not the money he had received, the $167, as much a debt in his hands, due to Sarchett, as the twenty pounds in the hands of Woddye, after he had neglected to purchase the prunes, was a debt due to Core? With Core's case agrees, in principle, the case of the Earl of Lincoln vs. Topcliff, Cro. Eliz. 644. The case cited in Bacon's abr. title debt, from And. 117, that "if one makes a bill to another in these words: Memorandum—I owe A. B. 20 pounds, to be paid in watches, an action of debt, &c. must be brought for the money, and not an action for the watches, for the number of watches is not certain," I conceive to be good law (although Anderson is not a reporter whose accuracy is much relied on) because it agrees with Core's case, and is not contradicted in any subsequent decision. In Slade's case, 4 Co. 92, the same principles of law are recognised: "for when one doth agree to pay money, or to deliver any thing, by that he doth assume, or promise to pay or to deliver the things, and therefore, when he selleth any goods to another, and agreeth to deliver them at a day to come, and the other in consideration thereof, agreeth to pay so much money, at such a day: in this case both parties may have an action of debt, or an action upon the case, upon the assumpsit, for the mutual executory agreement of both parties import in themselves as well a reciprocal action upon the case, as an action of debt."—Covenant is the proper form of action where the damages are unliquidated and incapable of being reduced by averment to a certainty, 1 Chitty, 113— as where the agreement is to deliver a certain quantity of any commodity. But covenant and debt are concurrent remedies for the recovery of any money demand, when there is an express or implied contract contained in the deed, 1st Chitty 111; and Debt is even a more extensive remedy for the recovery of money, than Assumpsit or

Covenant. It lies to recover money due upon legal liabilities, and whenever the demand is for a sum certain, or is capable of being readily reduced to a certainty, 1st Chitty 101.

This action is brought on a contract which is expressed for the payment of a certain value in whiskey, by a certain day; the law implies an agreeement to pay in money the value of the whiskey, if the latter is not paid according to the contract; and in order to determine whether an action of debt will lay for this money, it is only necessary to enquire whether the value of the whiskey, at the time it was to be paid, is certain, or can readily be reduced to a certainty. The acknowledgment of having received the value of the article contracted, is the acknowledgment of a debt to that amount: the undertaking to pay that value, in whiskey, fixes with absolute certainty, the value of the payment to be made; it is a complete liquidation of the debt or damages by the parties; and when the non-payment of the whiskey gives the plaintiff a right of action for the money, it is for the sum acknowledged to be due and agreed to be paid; and whether the form of action be debt or covenant, the intervention of a jury to determine the amount recoverable, is equally unnecessary; such amount appearing on the specialty. The sum to be recovered on this contract, is, then, a sum certain, in *numero*—but it is contended that the law has been settled otherwise, and several cases from Bibb's reports have been read, to prove this position.

The cases relied on, in support of this demurrer, are, Watson and M'Call vs. M'Nary, 1st Bibb 356, in which it was decided that debt would not lie on a writing under seal, by which the defendants bound themselves to pay plaintiff below " in the month of June ensuing the date, one horse, at the value of thirty pounds;" and, Irwin vs. Wilson, same book, page 360, note, in which it was decided that debt would not lie upon a note " to pay twenty eight pounds in salt at two dollars per bushel." Branner vs. Kelsoe, same book, page 487, in which it was decided that debt would not lie on a note to pay " one day after date one hundred and three and one third dollars in leather, or other good property at its value"—and Mattox vs. Craig, 2d Bibb 584, in which it was decided that debt would not lie upon a note for the payment of " eighty nine dollars to be discharged in good merchantable common brick, at four dollars per thousand, and sand brick at five dollars per thousand, to be delivered at the house of the said Craig, in the town of Shelbyville, on or before the first day of Aug. next." The first of

GUERNSEY.
October, 1818.

Sarchet
v.
Bell.

those cases is the leading one, containing the reasoning on which the court of appeals rest their decision, and is the authority on which the three last cases rest.

In the case of Watson and M'Call vs. M'Nary, it is said that debt will not lie, because the contract is not, 1st for money, 2d for a sum certain, and 3d specifically recoverable. In Crore's case the contract was not for money but prunes, that is to say the express contract; but in all such express contracts, the law implies a further contract to pay damages, in case the express stipulation is broken. Watson and M'Call, by agreeing to pay M'Nary an horse at the value of thirty pounds, in the month of June, did not by such agreement contract to pay money; but what was the legal operation and effect of this contract after the month of June? Could M'Nary, in any form of action at law, recover a horse? Unless he could, his demand, on this contract, must be a money demand: if he had brought covenant, it must have been for damages, for money only:·the contract, then, at the same time was brought, could only be enforced as a contract for money; and we have seen that debt as well as covenant, will lie, for the recovery of any money demand, where there is an express or implied contract contained in the deed.

As to the next point, that the contract was not for a sum certain, it is said "That the second member of the definition does not apply is perhaps not so self evident but not less true. That the sum mentioned in the writing is only descriptive of the property and not necessarily the extent of the recovery, seems not to be questioned. That the recovery, in case of a failure to deliver the horse, ought not to fall short of the value at which he was to have been delivered, will be readily granted. But yet a greater sum might be recovered; and the plaintiff, in the action below has actually obtained an assessment of extra damages." To say *that the sum mentioned in the writing, is only descriptive of an horse,* is not conveying a very distinct idea of what is meant by the court; it is descriptive of the value of the horse, and more, an agreement by both parties of what was to be that value in money—but *the plaintiff may recover more than the value at which the horse ought to have been delivered, but not less.* Now the contract must either furnish a certain rule of damages, binding upon both court and jury, or no rule at all. I know of no medium, no rule upon one side only, as seems to be supposed, in this case. It may, then, be well to enquire, whether the contract declared upon, does not furnish a fixed rule of

damages, does not enable every person to calculate with ease and certainty, the exact amount which, in any form of action, is recoverable upon it. "In contracts, where the precise sum is fixed and agreed on by the parties, as in many actions of assumpsit and of covenant, the jury are confined to that sum." 10th Mass. Rep. 462. The parties to this contract, fixed and agreed upon at thirty pounds, as the amount due and owing from the one to the other; this, then, is the amount of principal recoverable ; whether interest is or is not recoverable on such contract, is matter of law, and not of discretion, in the court or jury. If the law gives interest, it would be added to the principal in assessing the damages, in an action of covenant, or given as damages in debt. In either case, it is first the contract of the parties ; and second, the law operating on that contract, which gives the amount to be recovered. That there is such certainty as to the damages, appears from the uniform practice of courts. Suppose an action of covenant brought on such writing—a jury impannelled—the note proven and read in evidence—should the plaintiff be required to give other evidence? Would not the court direct the jury, that the amount of damages appeared fixed by the contract of the parties ? They most assuredly would ; and if a jury were to disregard the written contract, and find either more or less damages than those stipulated, a new trial would be granted. Without citing authorities to prove a proposition generally self evident, it will be sufficient to shew that the same court which, in Watson & M'Call vs. M'Nary, held that the writing declared on, did not furnish evidence of debt in any sum certain, have held directly the contrary, and more consistent with common sense in other cases.—Querry vs. White, 1st Bibb 271, is a case in which the price or value of certain articles was stated in the writing, on which the suit was brought: and the court decided, that parol evidence was not admissible to enlarge or diminish the quantum, unless it were to shew fraud or mistake in stating the amount—Worley vs. Murley, 1st Bibb 263, suit on a covenant to pay ten pounds, five shillings, in good trade, it was held that the amount mentioned in the covenant, was the sum recoverable ; and, in Bullinger vs. Worley, 1st Bibb 198, the court say, " No jury was necessary, because the parties had stipulated, not for horses by number and description of uncertain value, but for a sum certain, in horses, at a real cash value. It would have been an idle question by a court to a jury, if horses of the real cash value of $834 were of the value of $834 in cash." It would certainly have been as

*Margin: GUERNSEY. October, 1818. Sarchet v. Bell.*

GUERNSEY.   idle and ridiculous, to enquire whether an horse of
October, 1818.   the value of thirty pounds was worth more or less than

Sarchet   thirty pounds. One other case only need be mentioned,
v.
Bell.   it is Christ vs. Mark, 3d Bibb, 296.—An action of
covenant was brought on an obligation given by Christ for one
thousand and three pounds eighteen shillings and three pence, with
interest thereon from the date, in good merchantable whiskey, in
good casks, at 2s. 3d. per gallon. The jury found a verdict for the
principal and interest, upon no other evidence than the obligation. A
motion was made for a new trial, on the ground that no evidence of the
value of the whiskey was produced. The motion was overruled: the
court saying that it was not incumbent on the plaintiff to produce
any other evidence than the obligation to authorise the finding of the
jury. It does not certainly appear that the obligations in the cases of
Watson & M'Call vs. M'Nary, Irvin vs. Wilson, Branner vs. Kelsoe,
and Mattox vs. Craig, were expressed to be for value received, or in
any other form contained an acknowledgement of indebtedness; the
presumption is, that they did contain such acknowledgement, and
were in that respect similar to the obligation on which this suit is
brought, and so I have considered them.

The only thing urged in support of this demurrer, is the authority
of the cases I have considered. If these cases have not good reason
to support them, they are no rule to govern this court; and why
should not the action of debt be sustained on this contract? Can
any possible injustice be done by it? I can see none. The plaintiff
asks to recover 167 dollars, the debt acknowledged, with interest; the
law gives interest on such contracts; and 167 dollars is the sum of
principal, which, whatever might be the form of action, is the exact
amount which he has a right to recover. The suit is on a special
contract; and this form of declaring, gives to the defendant as full
and particular notice of the contract he is sued upon, as a declaration
in case or covenant would. If, then, we turn the plaintiff round to
another form of action, we do it against reason and against the cur-
rent of authorities.—*Demurrer overruled, and judgment for the plain-
tiff.*